Rodney L. COOPER, Sr., Sandra
W. Cooper, Debtors.

Rodney L. Cooper, Sr. & Sandra
W. Cooper, Plaintiffs,

v.

Litton Loan Servicing, as servicing
agent for Credit Based Assets Servic-
ing & Securitization; Credit Based
Assets Servicing & Securitization;
Smith & Hiatt, P.A.; & Ruff & Co-
hen, P.A., Defendants.

Bankruptcy No. 99–00036–GVL1.
Adversary No. 99–90126.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Aug. 28, 2000.

### ORDER ON MOTION FOR SANCTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on the motion of the law firm of Ruff & Cohen, P.A. (R & C) for the imposition of sanctions pursuant to Bankruptcy Rule 9011 against attorney Michael Bruckman, individually, Michael D. Bruckman, P.A. (Bruckman) and plaintiffs Rodney Lendell Cooper, Sr. and Sandra Wimberly Cooper. For the reasons more fully set forth below, the motion shall be granted as to Michael Bruckman individually and Michael D. Bruckman, P.A., and denied as to the plaintiffs.

This motion for sanctions arises in the context of an adversary complaint filed on behalf of the plaintiffs and signed by Bruckman on behalf of the Law Offices of Michael D. Bruckman, P.A. The motion was served on Bruckman on April 28, 2000, and filed with the Court on May 23, 2000. The complaint alleged violations of the Fair Debt Collection Practices Act (FDCPA), the Florida Consumer Collection Practices Act, and the automatic stay provisions of § 362(a) of the Bankruptcy Code. Plaintiff sought damages against the named defendants in excess of $50,000 [1]. By separate order, the complaint has been dismissed without prejudice as to all defendants except for R & C and with prejudice as to R & C.

This adversary proceeding was apparently filed due to the inability of plaintiffs to obtain an explanation for a $68.41 increase in their monthly home mortgage payment in the latter part of 1998. Defendant Credit Based Assets Servicing and Securitization is the current holder of the mortgage and Defendant Litton Loan Servicing is the servicing agent for the mortgage. Prior to the plaintiff's filing for relief under Chapter 13 of the Bankruptcy Code on January 22, 1999, there was no collection activity undertaken with respect to the loan.

During the course of the Chapter 13 case, the law firm of Smith and Hiatt, P.A. filed a proof of claim on behalf of the mortgagee and servicing agent. The firm of R & C had not made an appearance in the case at that time. Bruckman, representing the plaintiffs (debtors) filed an objection to the proof of claim asserting only that "creditor has filed a proof of claim that should be offset by this creditor's failure to comply with the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and other provisions of federal and state law designed to protect consumers." A hearing on the objection to claim was duly scheduled for October 7, 1999. At the hearing, Lisa Cohen of R & C made a limited appearance on behalf of Smith & Hiatt, P.A. for the sole purpose of requesting an agreed upon continuance of the hearing. I advised the parties present at the hearing that the objection filed by Bruckman was woefully deficient and that if he wanted to litigate the issues raised in his objection, an adversary proceeding was the appropriate vehicle. Ms. Cohen concurred with my observations and asked that Bruckman amend his objection so as to advise Litton as to what he believed the problem with the claim was.

At the October 7th hearing, I gave Bruckman fifteen (15) days to file an adversary proceeding if he wanted to raise the claims set forth in the objection. The instant proceeding was filed on December 28, 1999. The complaint did not initially include R & C as defendants. Following service of the complaint on the defendants named initially, R & C filed a notice of appearance as co-counsel with Smith & Hiatt, P.A. and a motion to dismiss the complaint for failure to serve the sum-

---

1. The prayer for relief requests statutory damages, actual damages and $50,000 in punitive damages.

mons and complaint within ten (10) days from issuance of the summons as required under Bankruptcy Rule 7004(e). That motion was denied since the remedy for untimely service of the summons is not dismissal of the proceeding but the issuance and service of a new summons. The plaintiff, has pursuant to Rule 4(m), F.R.Civ.P., as incorporated by Bankruptcy Rule 7004(a), 120 days in which to properly serve a summons before the proceeding will be dismissed. Following the denial of the motion to dismiss, instead of simply requesting the issuance of a new summons and serving the defendants originally named, Bruckman filed an amended complaint, identical in all respects to the original complaint except that it added R & C, as defendants. Paragraph 10 of the amended complaint alleges that "The law firm of Smith & Hiatt, P.A. and Ruff & Cohen, P.A., represent the interests of the creditor and servicing agent and have attempted to collect the monies allegedly owed by the debtors."

It is without dispute, and there is no allegation to the contrary, that the only acts ever performed by R & C, regarding these debtors were the limited appearance at the abbreviated hearing on the debtors' objection to claim, appearing as co-counsel in defense of this adversary proceeding, and filing and appearing at hearing on the motion to dismiss for the untimely service of the complaint. They have never communicated either directly or indirectly with the debtors regarding the debt nor has the name of the firm been used in any such communications. Since they were not added as defendants until after they had appeared as co-counsel, it appears that it is that act for which they are being sued.

 It is clear that attorneys may be held liable under the FDCPA if they regularly, through litigation, attempt to collect consumer debts. *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). However, there is no authority that remotely suggest that the actions taken by R & C, in this adversary proceeding

could constitute prohibited activities under the FDCPA. Bruckman's argument seems to be that if an attorney represents a debt collector that may have committed a violation of the FDCPA, then the attorney is equally liable regardless of what actions the attorney may have taken. In support of his contentions, he cites the case of *Dalton v. FMA Enterprises,* 953 F.Supp. 1525 (M.D.Fla.1997), and *Masuda v. Thomas Richards Co.,* 759 F.Supp. 1456 (C.D.Cal.1991). Bruckman argues that the lessons from these two cases is that R & C's limited participation does not relieve them of liability in this case and he baldly asserts (without any supporting authority) the maxim, "in for a penny, in for a pound."

The cases cited by Bruckman do not support his position here. Both of those cases involved attorneys who either signed or permitted the use of facsimile signatures on allegedly false and misleading collection letters sent to consumers. This is a far cry from appearing as counsel in defense of parties accused of FDCPA violations when the attorneys have had no involvement whatsoever in attempting to collect the debt.

 The Eleventh Circuit has held that "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz,* 65 F.3d 1567, 1572 (11th Cir.1995). The facts pertaining to the involvement of R & C, in this litigation make it abundantly clear that the complaint naming that firm as a defendant is frivolous, legally unreasonable, and without factual foundation. The timing of Bruckman's adding R & C as a defendant suggests a lack of any good faith reason or proper purpose in amending the complaint. The only logical conclusion to be reached is that it was done in order to deter, intimidate, or punish them for engaging in representation of the creditors in this litigation. The final indication of Bruckman's

lack of good faith in suing R & C is contained in paragraph 7 of his response to the motion for sanctions wherein after attempting to argue the application of *Masuda* to this case, he boldly states, "The undersigned will add an additional count against Ruff & Cohen, as Defendants have now 'used or distributed a written communication . . . which creates a false impression as to its source, authorization, or approval' in violation of 15 U.S.C. § 1692e(9)." This statement was apparently referring to the motion for sanctions itself.

■ In a case in which a simple and specific objection to claim followed by a minimal amount of discovery may well have sufficed, Bruckman chose to pursue a scorched earth approach, suing anyone remotely connected to the case, and threatening to keep piling on allegations if they even attempted to respond. For this he will be sanctioned under Bankruptcy Rule 9011. Ruff & Cohen, P.A. submitted time summaries reflecting that they have expended just under $5,000 in attorneys' time in responding to this lawsuit and pursuing this motion for sanctions. Bruckman and his firm will be ordered to reimburse R & C the sum of $5,000 as compensation for their efforts. There is no indication that the plaintiffs directed Bruckman's actions and it is unlikely that they even fully comprehended all he was doing. Therefore, they will not be sanctioned. Accordingly, it is

ORDERED AND ADJUDGED that:

1) The Motion of Ruff & Cohen, P.A. for Sanctions Against Michael Bruckman, Individually and Michael D. Bruckman, P.A. be and same is hereby GRANTED. ·

2) The Motion of Ruff & Cohen, P.A. for Sanctions Against Plaintiffs Rodney Lendell Cooper and Sandra Wimberly Cooper be and same is hereby DENIED.

3) Michael Bruckman and/or Michael D. Bruckman, P.A. shall pay to Ruff & Cohen, P.A. the sum of $5,000 within thirty (30) days from the date of this order.